ROLLINS *vs.* THE STATE OF GEORGIA.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

1. Newly discovered evidence which would not produce a different verdict on another trial is not cause for a new trial.
2. The verdict is supported by law and evidence.

Criminal Law.   New trial.   Before Judge LESTER.   Cobb Superior Court.   November Term, 1877.

Rollins was placed on trial for the offense of assault with

intent to murder, alleged to have been committed on the person of Moses Bacon. He pleaded not guilty. The evidence made, in brief, this case :

Bacon, with his wife and three other women, was coming from Roswell to Marietta, in a double-seated buggy, on the afternoon of Sunday, September 16th, 1877. Defendant and another man, South by name, met them in the road. Defendant caught the mule by the bridle, saying, "hold on, I want to tell you something." Bacon told him several times to let the mule loose, which he failed to do, saying that he had something to tell him. Bacon got out of the buggy, drew the reins out of defendant's hands, and told his wife to drive on, which she did. He followed the buggy, and as he was about to get in, defendant shot him with a pistol in the back part of the hip. South urged defendant to let the mule loose, and endeavored to prevent the shooting.

South, introduced by defendant, varied in his testimony from the above statement only in this, that Bacon jumped out of the wagon, and pushed defendant loose, having, at the same time, his buggy whip in his hand, butt end up ; that he "jowered" with defendant and pushed him one or two steps across the road, just far enough for the buggy to pass. He also stated that he heard no insulting language from Bacon or any of the women with him ; that Bacon made no attempt to hit defendant, and that he did not stoop down to pick up a rock until after he was shot.

The defendant's statement was to the effect that he caught the mule and Bacon told him to turn it loose; that Bacon called him a "damned son of a bitch" and drew his whip, to which he replied that he did not allow a white man to do that way ; that Bacon turned to pick up a rock and he shot him.

The jury found the defendant guilty. He moved for a new trial because the verdict was contrary to the law and the evidence, and because of the newly discovered testimony of John G. McGullion.

The affidavit of this witness was to the effect, that at the time of the difficulty, deponent and his sister were getting muscadines in the vicinity; that he heard loud talking and Bacon say, "you son of a bitch;" that he saw him jump out of the wagon, catch defendant by the neck, push him back against the bank on the side of the road, and draw his whip over the defendant's head; that the latter said "turn me loose," and threw up one of his arms when "the whip went down and defendant's hair flew up," and deponent thinks he was struck on the head; that defendant cried out again "turn me loose," when Bacon let him go and reached to the ground as if picking up something, when some one, deponent thinks South, said "put down that rock," and then the pistol was fired.

The motion was overruled and defendant excepted.

J. O. GARTRELL; C. D. PHILLIPS; J. N. DORSEY, for plaintiff in error.

THOMAS F. GREER, solicitor general; FRANK L. HARAL-SON; W. T. & W. J. WINN, for the state, cited 2 *Ga.*, 173; 10 *Ib.*, 524; 12 *Ib.*, 450; 48 *Ib.*, 458; 10 *Ib.*, 512; 31 *Ib.*, 420; 34 *Ib.*, 114; 39 *Ib.*, 706.

BLECKLEY, Justice.

1. It is not probable that the newly discovered evidence would produce a different verdict from that which has been rendered. Giving it all the weight to which it is entitled, it ought not to vary the result. With, as without, this newly discovered evidence, the two great facts remain, that the prosecutor was first obstructed by the prisoner on the highway, and then shot by him. Apparent is it, also, that whatever violence in language or conduct the prosecutor may have exhibited on the occasion, was wantonly provoked by the aggressive action of the prisoner. There is no dispute that the prosecutor, accompanied by several females, was peaceably traveling through the country on the Sabbath day;

that the prisoner, being at the time armed with a deadly weapon, endeavored to arrest his progress, and for that purpose caught his mule by the bridle and failed to let it go when ordered to do so; and that whatever the prosecutor may have said or done, was the consequence of this outrage on the part of the prisoner. Moreover, it is plain from the prisoner's statement, as well as from the testimony of South, his own witness, that the prosecutor did not strike him with the whip; and even if the attempt to take up a rock preceded the shooting, that was no justification, for had the prisoner behaved himself this would not have occurred. As the prisoner was prepared with a pistol, and was himself the aggressor, what right did he have to shoot the prosecutor to prevent him from taking up a rock? There was no attempt to throw the rock, and as the shot took effect from behind, the prosecutor was not in a position to throw towards the prisoner at the moment. If death had ensued from the shooting, we can see no reason why such a homicide should not be graded as murder.

2. According to the testimony of South, to say nothing of that of the prosecutor, the verdict was proper. It is amply supported.

Judgment affirmed.